1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAI FOU SAECHAO.,                           No.  2:23-cv-00909 DB P

12                   Petitioner,

13          v.                                    ORDER AND

14   GISELLE MATTESON,                               FINDINGS AND RECOMMENDATIONS

15                   Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28

18   U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis and also requests a stay under

19   the procedure of Rhines v. Weber, 544 U.S. 269, 277-78 (2005) ("Rhines").

20          Examination of the in forma pauperis application reveals that petitioner is unable to afford

21   the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28

22   U.S.C. § 1915(a).

23          For the reasons set forth below, petitioner fails to meet the requirements for a stay and

24   abeyance under Rhines. Thus, the undersigned will recommend that petitioner's amended motion

25   to stay under the Rhines procedure be denied. Since petitioner may be entitled to relief if the

26   claimed violation of constitutional rights is proved, respondent will be directed to file a response

27   to the fully exhausted first amended habeas petition (ECF No. 6).

28   ////

                                                    1

## I. Background

Petitioner challenges his felony murder conviction in the Sacramento County Superior Court. Petitioner initiated this action with a petition for writ of habeas corpus and a motion to stay filed on May 15, 2023. (ECF Nos. 1, 2.) Prior to any screening of the petition by this court, petitioner filed a first amended petition for writ of habeas corpus and an amended motion to stay on May 31, 2023. (ECF Nos. 6, 7.) Good cause appearing, the court deems the first amended petition filed on May 31, 2023, to be the operative petition, and the court will consider the amended motion to stay.

The first amended petition raises three grounds for relief as follows: (1) insufficient evidence to support felony murder conviction; (2) instructional error in the failure to instruct on theft as the target of the underlying felony; and (3) violation of Double Jeopardy by use of the same conduct to support the offense and elevate the sentence. (ECF No. 6 at 2-3.) Petitioner raised these grounds on direct appeal. (Id. at 20.) The state appellate court denied relief and affirmed the conviction. (Id. at 20.)[1]

In the amended motion to stay, petitioner seeks a stay under Rhines v. Weber, 544 U.S. 269, 276 (2005), to return to state court to exhaust the following additional claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) newly discovered evidence. (ECF No. 7 at 1-2.)

## II. Applicable Law

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. A district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021

---

[1] According to the original petition, the California Supreme Court denied a petition for review of these three claims. (See ECF No. 1 at 2-3.)

2

1   (1986). A "mixed petition," meaning a petition containing both exhausted and unexhausted

2   claims, is subject to dismissal. Id.; Coleman v. Thompson, 501 U.S. 722, 731 (1991).

3        The United States Supreme Court permits a district court to stay all the claims in a petition

4   while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims.

5   See Rhines, 544 U.S. at 277-78. A Rhines stay is "available only in limited circumstances"

6   because it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing

7   a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."

8   Id. In order to warrant a Rhines say, a petitioner must demonstrate the existence of three factors:

9   (1) "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless";

10  and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id.

11       Although good cause under Rhines does not require a showing of "extraordinary

12  circumstances," Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported

13  excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause

14  requirement," Blake v. Baker, 745 F.3d 977, 981 (9th Cir. 2014). Rather, "good cause turns on

15  whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to

16  justify his failure to exhaust his claims." Id. at 982.

17       **III.  Discussion**

18       Here, there is no indication petitioner has been expeditious in seeking relief or that there

19  are other circumstances that could satisfy the good cause requirement. Petitioner does not explain

20  why the unexhausted claims were not developed and raised previously. District courts in this

21  circuit have found that "good cause is lacking when a pro se petitioner has not filed any relevant

22  state habeas petitions, particularly when there is evidence that the petitioner has not been

23  expeditious in seeking relief." Stacy v. Gastelo, No. CV 17-5482-RGK (JPR), 2018 WL 1750622,

24  at *2 (C.D. Cal. Feb. 20, 2018), report and recommendation adopted, No. CV 17-5482-RGK

25  (JPR), 2018 WL 1750554 (C.D. Cal. Apr. 10, 2018); see Sangurima v. Montgomery, No. 2:17-

26  cv-05022-PSG-KES, 2017 WL 7371168, at *2 (C.D. Cal. Dec. 12, 2017) (same).

27       Moreover, the Supreme Court has flatly rejected the notion that petitioners proceeding

28  without counsel may be excused from the exhaustion requirement because they cannot be

3

expected to understand or comply with the exhaustion requirement. Rejecting a dissenting view that exhaustion "will serve to 'trap the unwary pro se prisoner,'" the Court long ago stated plainly that the exhaustion rule:

> provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Rose v. Lundy, 455 U.S. 509, 519-20 (1982).

For these reasons, lack of counsel to assist with state habeas review, alone or in combination with a petitioner's legal inexperience, does not amount to good cause for failure to exhaust. See generally Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding that issuing routine stay and abey orders would be contrary to Rhines' instruction that district courts only stay mixed petitions in "limited circumstances"). Because petitioner has not shown good cause shown for the failure to exhaust, the motion for a stay under the Rhines procedure should be denied.[2] Nevertheless, nothing in this order prevents petitioner from proceeding with his additional claims in state court. If the state court issues a ruling on petitioner's additional claims while this action is pending, petitioner should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

---

[2] Petitioner does not request a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) ("Kelly"), which does not require a showing of good cause. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Under Kelly, the court can stay and hold in abeyance a fully exhausted petition while a petitioner has the opportunity to exhaust further grounds for relief; once additional grounds are exhausted in state court, then the petitioner can attempt to add those grounds. See Kelly, 315 F.3d at 1070-71 (citing Calderon v. U.S. Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). Under Kelly, however, a newly exhausted claim must be "timely" when amendment is sought. See King, 564 F.3d at 1140-41. To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, see 28 U.S.C. § 2244(d)6 or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. See King, 564 F.3d at 1143; Mayle v. Felix, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. See Mayle, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. Id. The undersigned expresses no opinion as to whether petitioner would be able to meet either requirement to add any additional ground following a stay under Kelly. Petitioner is cautioned that unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181 (2001).

4

Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to petitioner's first amended habeas petition.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. That a District Judge be randomly assigned to this matter.

2. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

3. The first amended petition for writ of habeas corpus (ECF No. 6) is deemed the operative petition, and respondent is directed to file a response to the petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

6. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

////

////

////

////

////

////

////

////

////

5

1    In addition, IT IS HEREBY RECOMMENDED that petitioner's amended motion to stay

2   (ECF No. 7) under the procedure set forth in Rhines, 544 U.S. 269, be DENIED.

3    These findings and recommendations will be submitted to the United States District Judge

4   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)

5   days after being served with these findings and recommendations, petitioner may file written

6   objections with the court. The document should be captioned "Objections to Findings and

7   Recommendations." Petitioner is advised that failure to file objections within the specified

8   time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

9   (9th Cir. 1991).

10  Dated:  August 28, 2023

11

12

13  DLB7
    saec0909.100.rhines.fr

_____

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28