UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAI FOU SAECHAO., | No. 2:23-cv-0909 DAD DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GISELLE MATTESON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following issuance of findings and recommendations to deny a stay that petitioner requested under Rhines v. Weber, 544 U.S. 269, 277-78 (2005), petitioner has now moved for a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) ("Kelly"). (ECF No. 11.) The undersigned recommends that a motion to stay be granted under the Kelly procedure.

**I. Background**

The first amended petition raises three apparently exhausted grounds for relief as follows: (1) insufficient evidence to support felony murder conviction; (2) instructional error in the failure to instruct on theft as the target of the underlying felony; and (3) violation of Double Jeopardy by use of the same conduct to support the offense and elevate the sentence. (ECF No. 6 at 2-3.) Petitioner raised these grounds on direct appeal. (Id. at 20.) Petitioner seeks to return to state court

to exhaust the following additional claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) newly discovered evidence. (See ECF No. 11; ECF No. 7 at 1-2.)

## II. Applicable Law and Analysis

### A. Exhaustion

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. A district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). A "mixed petition," meaning a petition containing both exhausted and unexhausted claims, is subject to dismissal. Id.; Coleman v. Thompson, 501 U.S. 722, 731 (1991).

### B. Procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002)

"[T]he Kelly procedure... is not premised upon a showing of good cause." King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Under Kelly, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding back the newly-exhausted claims. See Kelly, 315 F.3d at 1070-71 (citing Calderon v. U.S. Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)).

Under Kelly, a petitioner can only amend his petition with his newly exhausted claim if that claim is "timely" when amendment is sought. See King, 564 F.3d at 1140-41. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, see 28 U.S.C. § 2244(d)6 or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. See

King, 564 F.3d at 1143; Mayle v. Felix, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. See Mayle, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. Id.

Thus, after a stay under Kelly, petitioner will either need to meet one of the two requirements: his amended petition must be timely under AEDPA or his newly exhausted claims must "relate back" to his previously exhausted claims. The undersigned expresses no opinion as to whether petitioner will be able to meet either of these requirements. See Pliler v. Ford, 542 U.S. 225, 233 (2004) (finding that district courts need not "give specific advisements as to the availability and wisdom" of various options when seeking a stay of habeas petition).

Here, petitioner has already submitted a first amended petition which contains only his exhausted claim. (ECF No. 6.) Petitioner has, therefore, satisfied the first step under Kelly. Absent any other procedural bars, this route will allow petitioner's exhausted claim to be considered by this court. As set forth, petitioner will later need to either show that any newly exhausted claims are timely or that they relate back to his original exhausted claim. Therefore, while it is being recommended that petitioner's motion to stay be granted under Kelly, the court does not at this time reach the question of whether either of petitioner's unexhausted claims may later be presented in this action by way of amendment. The court will address that question when, and if, petitioner seeks leave to present his newly exhausted claims to this court in a further amended federal petition under the third step of Kelly.

**III. Conclusion and Recommendation**

For the foregoing reasons, IT IS RECOMMENDED as follows:

1. Petitioner's motion to stay under the procedure authorized by the Ninth Circuit in Kelly, 315 F.3d 1063 (ECF No. 11), be GRANTED;

2. This action be STAYED pending further exhaustion of state remedies;

3. Petitioner be DIRECTED to file an initial status report detailing his progress in the state courts within sixty (60) days of the date of service of any order adopting these findings and

////

recommendations, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete;

    4. Petitioner be DIRECTED to file an amended petition containing all exhausted claims within thirty (30) days following the final order of the state courts;

    5. Petitioner be forewarned that failure to comply with the order to file status reports will result in the court vacating the stay; and

    6. The Clerk of the Court be directed to administratively close this case for purposes of case status, pending exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
saec0909.kellystay