UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAI FOU SAECHAO,<br><br>    Petitioner,<br><br>    v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | No.  2:23-cv-00909-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR A STAY UNDER *RHINES v. WEBER*, AND GRANTING MOTION FOR A STAY AND ABEYANCE UNDER *KELLY v. SMALL*<br><br>(Doc. Nos. 7, 8, 11, 14) |

   Petitioner Lai Fou Saechao is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On August 29, 2023, the assigned magistrate judge issued findings and recommendations, recommending that petitioner's amended motion for a stay and abeyance pursuant to the decision in *Rhines v. Weber*, 544 U.S. 269 (2005) (Doc. No. 7) be denied.  (Doc. No. 8.)  However, shortly thereafter, on September 18, 2023, the magistrate judge issued findings and recommendations, recommending that petitioner's motion for a stay and abeyance pursuant to the decision in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), *overruled on other grounds by Robbins v. Carrey*, 481 F.3d 1143 (9th Cir. 2007) (Doc. No. 11), be granted.  (Doc. No. 14.)  Both sets of findings and recommendations were served on the parties and contained notice that any objections were to be filed within twenty-one (21) days (Doc. No. 8 at 6), or fourteen (14) days in the latter instance

1  (Doc. No. 14 at 4), from the date of service of those findings and recommendations.  On
2  September 15, 2023, petitioner filed timely objections to the first set of findings and
3  recommendations.  (Doc. No. 13.)  No objections to the September 18, 2023 findings and
4  recommendations have been filed, and the time in which to do so has now passed.

5  In the August 29, 2023 findings and recommendations, the magistrate judge found that the
6  three claims presented in the operative petition (Doc. No. 6) before this court—namely, (1)
7  insufficient evidence to support a felony murder conviction, (2) instructional error in failing to
8  instruct on theft as the underlying felony, and (3) violation of Double Jeopardy (*id.* at 2–3)—had
9  all been exhausted in state court.  (Doc. No. 8 at 2 and n.1.)  This conclusion was drawn from the
10 California Supreme Court's denial of the petitioner's petition for review in May 2022.  (*Id.* at 2,
11 n.1) (citing Doc. No. 1 at 2–3).  The magistrate judge also concluded, however, that petitioner had
12 failed to demonstrate good cause for his failure to previously exhaust the three new claims which
13 he now sought to exhaust in state court—specifically, (1) ineffective assistance of counsel; (2)
14 prosecutorial misconduct; and (3) newly discovered evidence—and therefore petitioner had not
15 established that he was entitled to a stay and abeyance of these federal habeas proceedings under
16 *Rhines*.[1]  (Doc. No. 8 at 3–5.)  Accordingly, it was recommended that petitioner's May 31, 2023
17 amended motion for a *Rhines* stay be denied.  (*Id.* at 4–5.)  In his objections to those findings and
18 recommendations, petitioner argues that any delay in exhausting his new claims—claims that
19 were not asserted in his pending federal habeas petition—was because of his *pro se* status and his
20 lack of prison law library access during the COVID-19 pandemic.  (Doc. No. 13 at 2.)  Petitioner
21 also advised the court that (1) an order had been issued, presumably by the Sacramento County
22 Superior Court, addressing his unexhausted claims; (2) he had a petition for resentencing pending
23 before the state appellate court; and (3) he now sought, in the alternative, a stay under *Kelly*.  (*Id.*)
24 /////

---

[1] In those findings and recommendations, the potential availability of a stay and abeyance under *Kelly* was pointed out to petitioner. (Doc. No. 8 at 4, n. 2.)  The undersigned observes that when he initiated this action, petitioner appears to have alleged that he had begun the process of exhausting his new claims in state court by filing a habeas petition in the Sacramento County Superior Court on May 9, 2023 asserting those new claims. (Doc. No. 1 at 4.)

1    Petitioner's objections provide no basis upon which to question the conclusion reached in
2 the August 29, 2023 findings and recommendations.  It has been recognized that a stay of a
3 habeas petition containing both exhausted and non-exhausted claims may be granted if a
4 petitioner demonstrates:  (1) good cause for the failure to previously exhaust the claims in state
5 court; (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in
6 pursuing relief.  *Rhines*, 544 U.S. at 277–78; *see also Mena v. Long*, 813 F.3d 907, 910–12 (9th
7 Cir. 2016) (extending the *Rhines* stay and abeyance procedure to federal habeas petitions that are
8 wholly <u>unexhausted</u>).  Here, however, the operative petition before this federal habeas court
9 contains only exhausted claims and petitioner has failed to make any showing of good cause for
10 his failure to previously exhaust his new claims, that those new claims potentially have merit,[2] or
11 that he has been diligent in pursuing relief as to those new claims.  Accordingly, the undersigned
12 will adopt the August 29, 2023 findings and recommendations and deny petitioner's amended
13 motion for a stay and abeyance under *Rhines*.

14    In the September 18, 2023 findings and recommendations, the magistrate judge
15 recommended that petitioner's motion for a stay of these federal habeas proceedings while he
16 exhausted his unexhausted claims in state court under *Kelly* be granted.  (Doc. No. 14 at 2–3.)
17 The magistrate judge warned petitioner, however, that the granting of a stay under *Kelly* does not
18 toll the applicable AEDPA statute of limitations.  (*Id.* at 2.)  Rather, in order to be allowed to
19 amend his pending federal habeas petition to add his new claims following their exhaustion in
20 state court, petitioner would at that time need to either show that any newly exhausted claims
21 were then timely or that they related back to his original petition in which he had asserted his
22 fully exhausted claims.  (*Id.* at 2–3.)  As noted above, no objections to the September 18, 2023
23 /////

---

[2]  This court is unable to assess whether petitioner's new claims potentially have merit because he has merely listed them as:  "1. Ineffective Assistance of Counsel  2. Prosecutorial Misconduct  3. Newly Discovered Evidence."  (Doc. No. 7 at 2; see also Doc. No. 13 at 2.)  In his objections, petitioner indicated he had attached a copy of a habeas petition (Doc. No. 13 at 2), presumably the one he filed in the Sacramento County Superior Court, which may have provided some information regarding the nature of his new, unexhausted claims.  However, no such petition was in fact attached to that filing.

findings and recommendations have been filed, and the time to do so has passed.[3] Accordingly, the court will adopt those findings and recommendations as well.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations filed on August 29, 2023, and those filed on September 18, 2023, to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 29, 2023 (Doc. No. 8) are adopted in full;
2. Petitioner's amended motion for a stay and abeyance under *Rhines* (Doc. No. 7) is denied;
3. The findings and recommendations issued on September 18, 2023 (Doc. No. 14) are adopted in full;
4. Petitioner's motion for a stay under *Kelly* (Doc. No. 11) is granted;
5. This action is stayed pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carrey*, 481 F.3d 1143 (9th Cir. 2007);
6. Petitioner is directed to file a status report within ninety (90) days of the date of entry of this order advising the court the status of the state court proceedings, and shall file an additional status report every ninety (90) days thereafter; and
7. Within thirty (30) days after the state court issues a final order resolving the unexhausted claims, petitioner shall file a motion to lift the stay and a motion to amend his federal petition with an amended habeas petition setting forth all

---

[3] On November 13, 2023, petitioner filed an "Initial Status Report" advising that he had filed a habeas petition with the California Court of Appeal asserting claims of ineffective assistance of both his trial and appellate counsel, prosecutorial misconduct, and newly discovered evidence. (Doc. No. 15 at 1.) Petitioner is again advised that the AEDPA statute of limitations has not been tolled by this order and that he should exhaust his unexhausted new claims and move to amend his federal petition immediately following exhaustion of those claims if he still wishes to seek to have them considered by this federal habeas court. If proceeding with those new claims, petitioner must be prepared to make the required showing as described in the September 18, 2023 findings and recommendations.

exhausted claims if he wishes to pursue those newly exhausted claims in this federal habeas action.

IT IS SO ORDERED.

Dated:  **November 22, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5